**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**



Myung Choi,

          Plaintiff,

          v.

Aurora Wolfgang, et al.,

          Defendant.

5:14-cv-01707-VAP-DTBx

**Order DENYING Defendants'
Motion to Stay Proceedings
(Doc. No. 42)**

      On August 2, 2018, Defendants Board of Trustees of The California State University ("University"), Aurora Wolfgang, Terri J. Nelson, Maria Antonieta Gallegos-Ruiz, Arturo Fernandez-Gibert, Eri Yasuhara, Risa Dickson, and Andrew Bodman (collectively "Defendants") filed their Motion to Stay Proceedings.  (Doc. No. 42).  Plaintiff Myung Choi ("Plaintiff") filed her opposition to Defendants' Motion on August 20, 2018.  (Doc. No. 43). On August 27, 2018, Defendants filed their reply.  (Doc. No. 44).

      The Court deems the Motion to Stay Proceedings suitable for resolution without oral argument pursuant to Local Rule 7-15.  After consideration of the papers filed in support of, and in opposition to the Motion, the Court DENIES Defendant's Motion.

# I. BACKGROUND

In the fall of 2005, the University hired Plaintiff as an assistant professor in a tenure-track position.  (Doc. No. 1, ¶¶ 1, 5, 21, 22).

Plaintiff alleges she performed her duties to secure tenure and promotion to associate professor "diligently and responsibly," but because of her race and because she previously filed informal and formal complaints of race discrimination, Defendants terminated her employment in June, 2013.  (*Id.* at ¶ 5).

On August 13, 2018, Choi filed a lawsuit in the Superior Court of California, County of Los Angeles, and brought the following claims against the University only: (1) race discrimination, in violation of the California's Fair Employment and Housing Act ("FEHA"), California Government Code section 12926(c); (2) retaliation, in violation of FEHA, California Government Code section 12926(h); (3) failure to prevent discrimination and retaliation, in violation of FEHA, California Government Code section 12926(k); and (4) failure to correct and remedy discrimination and retaliation, in violation of FEHA, California Government Code section 12926(j).  (Doc. No. 42-2; Complaint, *Choi v. Board of Trustees of the California State University*, No. BC554054 (Cal. Super. Ct., Aug. 13, 2014); "State Court Action").

On August 18, 2018, Plaintiff filed her Complaint in this Court and brought the following claims against Defendants Aurora Wolfgang, Terri J. Nelson, Maria Antonieta Gallegos-Ruiz, Arturo Fernandez-Gibert, Eri Yasuhara, Risa Dickson, and Andrew Bodman (collectively, "Individual

United States District Court
Central District of California

United States District Court
Central District of California

Defendants"): (1) race discrimination, in violation of 42 U.S.C. § 1981,

against all Individual Defendants in their individual capacities; (2) race

discrimination, in violation of 42 U.S.C. § 1983, against all Individual

Defendants in their individual capacities; (3) race discrimination, in violation

of 42 U.S.C. §§ 1981, 1983, against Dr. Bodman in his official capacity; (4)

retaliation, in violation of 42 U.S.C. § 1981, against all Individual Defendants

in their individual capacities; (5) violation of Plaintiff's right to freedom of

speech, in violation of 42 U.S.C. § 1983, against all Individual Defendants in

their individual capacities; and (6) conspiracy to discriminate, in violation of

42 U.S.C. § 1985, against all Individual Defendants in their individual

capacities.  (Doc. No. 1).  The Court dismissed Plaintiff's sixth claim on

December 3, 2014.  (Doc. No. 21).

On October 28, 2014, Plaintiff filed a separate action in this Court and

brought the following claims against the University only: (1) race

discrimination, in violation of 42 U.S.C. § 2000e-2(a); and (2) retaliation for

complaints of discrimination, in violation of 42 U.S.C. § 2000e-3(a).

(Complaint, *Choi v. Board of Trustees of the California State University*, No.

2:14-cv-08337-VAP-DTBx (C.D. Cal., Oct. 23, 2014) (Doc No. 1)).

On June 21, 2018, after a joint motion, the Court consolidated

Plaintiff's two federal actions (collectively, "Federal Court Action").  (Doc.

No. 40).

Defendants now move this Court to stay the Federal Court Action

pending the outcome of the State Court Action.  (Doc. No. 42-1, at 1:17-21).

## II. LEGAL STANDARD

Under the *Colorado River* doctrine, a federal court may decline to exercise jurisdiction in favor of concurrent and parallel state proceedings where doing so would serve the interests of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).  Abstention under the *Colorado River* doctrine should be invoked only in "exceptional circumstances," because federal courts otherwise have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them.  *Colorado River*, 424 U.S. at 817-18; *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.* ("*Moses H. Cone*"), 460 U.S. 1, 15-16 (1983).  The Supreme Court has emphasized that the task for federal courts "is not to find some substantial reason for the *exercise* of federal jurisdiction . . . [but] to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of that jurisdiction."  *Moses H. Cone*, 460 U.S. at 25-26 (emphasis in original).

The Ninth Circuit examines eight factors to assess whether a stay or dismissal is appropriate under the *Colorado River* doctrine: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings

will resolve all issues before the federal court.  *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841–42 (9th Cir. 2017); *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011).  Courts "must carefully balance the important factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'"  *Seneca Ins. Co.*, 862 F.3d at 842.

"The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits."  *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005); *see Dzhanikyan v. Liberty Mut. Ins. Co.*, No. 2:14-cv-00415-MMM-MANx, 2014 WL 12781773, at *10 (C.D. Cal. May 9, 2014) (applying *Chase Brexton* in this District).  In determining whether the suits are parallel, the Court must deny a motion for stay if there is any doubt that the state action would not end the federal action.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) ("[A] district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation."); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1014 (N.D. Cal. 2016) ("Any such doubt as to resolution of the federal action compels the court to deny a *Colorado River* stay without consideration of the other factors.").  As the Supreme Court held, "If there is any substantial doubt . . . it would be a serious abuse of discretion to grant the stay or dismissal at all."  *Moses H. Cone*, 460 U.S. at 28.  For this reason, "[a] district court may enter a Colorado River stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation."  *Intel Corp.*, 12 F.3d at 913 (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988)).

### III.    DISCUSSION

1

2        While it is undisputed that the underlying facts in both actions are

3    related, the Court finds there is substantial doubt that the State Court Action

4    will end the Federal Action because of the differences in the underlying

5    statutes, Title VII and FEHA.  Plaintiff's "Title VII action in federal court

6    encompasses broader claims that would not be cognizable under FEHA,"

7    and therefore a stay is inappropriate.  *Tackitt v. Superior Court of California*

8    *ex rel. Cty. of Madera*, No. 1:13-cv-01292-AWI-SABx, 2013 WL 5970383, at

9    *6 (E.D. Cal. Nov. 8, 2013) (denying a stay where the plaintiff's state court

10   claims were brought under FEHA and the federal court claims were brought

11   under Title VII).

12

13       Although California courts seek guidance from Title VII when

14   interpreting FEHA's provisions, *Lyle v. Warner Bros. Television Productions*,

15   38 Cal. 4th 264, 278 (2006), concrete differences exist between Title VII and

16   FEHA when interpreting whether the same underlying facts might constitute

17   a claim.  Title VII retaliation claims are broader than FEHA retaliation claims

18   "because FEHA requires an adverse action for purposes of a retaliation

19   claim to materially affect . . . employment whereas Title VII more broadly

20   defines an adverse action as any action that is reasonably likely to deter

21   employees from making or supporting a charge of discrimination."  *Tackitt*,

22   2013 WL 5970383, at *4; *see Cozzi v. County of Marin*, 787 F.Supp.2d

23   1047, 1066-67 (N.D. Cal. 2011) (discussing differences between retaliation

24   claims brought under Title VII and FEHA).  The fact that a plaintiff's claims

25   might rest on the same facts is therefore insufficient in such cases to

26

United States District Court
Central District of California

1  establish the "comprehensive disposition of litigation."  *See Colorado River*,

2  424 U.S. at 818

3

4       Here, the thrust of Plaintiff's claims in both actions is discrimination

5  and retaliation.  Plaintiff's retaliation claim is potentially cognizable under

6  Title VII but not under FEHA, and hence resolution of the State Court Action

7  would not dispose of the claims in the Federal Action.

8

9       Defendants' arguments regarding the potential overlap of some legal

10 elements therefore fail, particularly in the face of the Court's "virtually

11 unflagging obligation" to exercise the jurisdiction conferred on it.  *Colorado*

12 *River*, 424 U.S. at 817-18.  The Court must be able to find that "the parallel

13 state proceeding will end the litigation"—a burden which Defendants have

14 failed to meet.  *Intel Corp.*, 12 F.3d at 913.

15

16      As the Court has substantial doubt that the State Court Action will

17 resolve the Federal Action, it is "unnecessary . . . to weigh the other factors

18 included in the *Colorado River* analysis."  *Intel Corp.*, 12 F.3d at 915 n.7;

19 see *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir.

20 1992) (declining to examine the Colorado River factors where the first factor

21 barred a stay.)

22

23

24

25

26

United States District Court
Central District of California

# IV.    CONCLUSION

The Court therefore DENIES Defendants' Motion to Stay Proceedings. The parties are ordered to appear for a Scheduling Conference on October 15, 2018, at 1:30 p.m., and to file a Rule 26 Joint Report no later than October 8, 2018.

**IT IS SO ORDERED.**

Dated:    9/26/18

_____
Virginia A. Phillips
Chief United States District Judge

United States District Court
Central District of California