Juan Hong (SBN 234046)
Law Office of Juan Hong, A Law Corp.
4199 Campus Drive, Suite 550
Irvine, CA 92612
Phone: (949)509-6505
Fax: (949) 335-6647
Email: jhong48@gmail.com

Attorney for Plaintiff Myung Choi

SANDRA L. MCDONOUGH (SBN 193308)
smcdonough@paulplevin.com
CORRIE J. KLEKOWSKI (SBN 251338)
cklekowski@paulplevin.com
KEVIN M. BROWN (SBN 306698)
kbrown@paulplevin.com
PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants Board of Trustees of the California State University, Aurora Wolfgang, Terri J. Nelson, Maria Antonieta Gallegos-Ruiz, Arturo Fernandez-Gibert, Eri Yasuhara, Risa Dickson, and Andrew Bodman

United States District Court
For the Central District of California
Western Division

| | |
|---|---|
| MYUNG CHOI<br><br>Plaintiff,<br><br>vs.<br><br>AURORA WOLFGANG, TERRI J. NELSON, MARIA ANTONIETA GALLEGOS-RUIZ, ARTURO FERNANDEZ-GIBERT, ERI YASUHARA, RISA DICKSON, AND ANDREW BODMAN, DOES 1 THROUGH 10. | Case No. 5:14 CV 01707 VAP (DTBx)<br>LEAD CASE NUMBER<br><br>[Consolidated with Case No. 2:14-cv-08337 VAP-(DTBx)]<br><br>**JOINT RULE 26(F) REPORT**<br><br>Judge: Hon. Virginia A. Phillips<br>Courtroom: 8A First Street Court House<br><br>Date: October 15, 2018<br>Time: 01:30 p.m. |

Defendants ) Complaint Filed: August 18, 2014

MYUNG CHOI

Plaintiff,

vs.

BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY

Defendant.

**TO THE HONORABLE VIRGINIA A. PHILLIPS:**

Pursuant to this Court's September 26, 2018 Order DENYING Defendants' Motion to Stay Proceedings (Dkt. No. 46), Federal Rule of Civil Procedure 26(f), and Central District of California Local Rule 26-1, Plaintiff MYUNG CHOI ("Plaintiff") and Defendants Board of Trustees of The California State University ("University"), Aurora Wolfgang, Terri J. Nelson, Maria Antonieta Gallegos-Ruiz, Arturo Fernandez-Gibert, Eri Yasuhara, Risa Dickson, and Andrew Bodman, (collectively "Defendants"), by and through their respective counsel of record, hereby submit the following Joint Rule 26(f) Report.

**Rule 26(f) Conference**.

The following persons participated in Rule 26(f) conferences on May 31, 2018, and October 4, 2018 by telephone, and thereafter by emails: Juan Hong, Counsel for Plaintiff, and Kevin Brown, Counsel for Defendants.

Counsel for Plaintiff and Defendants discussed the substance of this joint report, as well as other issues related to the facilitation of the discovery process.

/ / /

/ / /

**a. Synopsis:**

California State University, San Bernardino, hired Plaintiff Myung Choi ("Choi") in 2005 as an assistant professor in a "tenure-track" position in the World Languages and Literatures Department. An assistant professor, such as Choi, is normally considered for tenure in her sixth year after receiving yearly performance reviews. Plaintiff alleges she performed her duties "diligently and responsibly," but because of her race and because she previously complained of race discrimination, Defendants terminated her employment on May 31, 2013. Defendants deny these allegations and contend Plaintiff was denied tenure because she had not demonstrated the excellence in service, scholarship, or teaching required for tenure.

On August 18, 2014, Plaintiff filed a Complaint in this Court and brought the following claims against Defendants Aurora Wolfgang, Terri J. Nelson, Maria Antonieta Gallegos-Ruiz, Arturo Fernandez-Gibert, Eri Yasuhara, Risa Dickson, and Andrew Bodman (collectively, "Individual Defendants"): (1) race discrimination, in violation of 42 U.S.C. § 1981, against all Individual Defendants in their individual capacities; (2) race discrimination, in violation of 42 U.S.C. § 1983, against all Individual Defendants in their individual capacities; (3) race discrimination, in violation of 42 U.S.C. §§ 1981, 1983, against Dr. Bodman in his official capacity; (4) retaliation, in violation of 42 U.S.C. § 1981, against all Individual Defendants in their individual capacities; (5) violation of Plaintiff's right to freedom of speech, in violation of 42 U.S.C. § 1983, against all Individual Defendants in their individual capacities; and (6) conspiracy to discriminate, in violation of 42 U.S.C. § 1985, against all Individual Defendants in their individual capacities. (Doc. No. 1). The Court dismissed Plaintiff's sixth claim on December 3, 2014. (Doc. No. 21).

On October 28, 2014, Plaintiff filed a separate action in this Court and brought the following claims against the University only: (1) race discrimination, in violation of 42 U.S.C. § 2000e-2(a); and (2) retaliation for complaints of discrimination, in violation of 42 U.S.C. § 2000e-3(a). (*Choi v. Board of Trustees of the California State University*, No. 2:14-cv-08337-VAP-DTBx (C.D. Cal., Oct. 23, 2014)).

On June 21, 2018, after a joint motion, the Court consolidated Plaintiff's two federal actions. (Dkt. No. 40).

The Defendants deny all claims in Plaintiff's complaints and contend Plaintiff's claims are limited or barred by the following affirmative defenses: facts insufficient to state a claim, statute of limitations, government immunities set forth in Code sections 815, 815.2, 818, 818.2, 818.8, 820.2, 821, 821.6 and 822.2, failure to exhaust administrative and judicial remedies, privileged conduct, failure to mitigate, workers compensation exclusivity, avoidable consequences, laches, res judicata and collateral estoppel, abstention, the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity.

**b. Legal issues:**

Whether the acts, and failure to act, allegedly perpetrated against Plaintiff Myung Choi amounted to unlawful discrimination on the basis of race and retaliation for filing informal and formal complaints of race discrimination.

Whether one or more administrators or officials of the University, with authority to take corrective action on Plaintiff's behalf, had actual notice of said alleged discrimination and failed to adequately respond, in violation of its own policies.

Whether, as a direct and proximate result of the Defendants' alleged acts and failure to act, Plaintiff unlawfully suffered the following injuries and damages:

(1) Plaintiff was denied tenure and promotion to Associate Professor, resulting in lost pay and benefits, including pension or retirement benefits.

(2) Plaintiff was discharged from employment with the University.

(3) Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish and emotional distress.

Whether individual Defendants are liable to Plaintiff pursuant to federal law 42 U.S.C. §1983.

Whether, at the time of the denial of Plaintiff's application for tenure and promotion, individual Defendants were acting under color of the laws and regulations of the State of California.

**c. Damages**:

Plaintiff seeks damages in excess of $5,000,000.00 for compensatory, equitable, and punitive damages.

**d. Insurance:**

Plaintiff does not have insurance coverage for this lawsuit. Defendant University is the state of California acting in its higher education capacity and, as such, is self-insured.

**e. Motions:**

Plaintiff anticipates motions seeking to (i) add other parties or claims or (ii) file amended pleadings. Plaintiff proposes November 26, 2019, for the last day to amend pleadings or add parties. Defendants propose December 15, 2018 for the last day to amend pleadings or add parties. The parties anticipate filing Motions for Summary Judgment or Motion for Summary Adjudication during the pendency of this action. The parties also anticipate filing motions *in limine* prior to trial.

**f. Discovery and experts:**

Plaintiff does not propose any changes to the form or requirement for disclosures under Rule 26(a)(1) or (2) or the Local Rules regarding discovery.

(1) **Plaintiff's Position**

(a) Plaintiff proposes that, in accordance with Fed. R. Civ. P. 26(a), the parties will exchange initial disclosure by October 29, 2018, within 14 days after the Rule 26(f) conference on October 15, 2018.

(b) Plaintiff proposes to take twenty (20) depositions.

(c) Plaintiff desires to ask each defendant to produce documents related to his/her financial condition. The documents are required for assessing punitive damages.

(d) Plaintiff proposes that service of written discovery and other non-filed documents would be effective if served on the parties via e-mail.

(e) Plaintiff proposes that the parties file a Joint Motion for Protective Order for personnel files, including Personnel Action File and Working Personnel Action File, of professors who were considered by Plaintiff to be similarly situated with Plaintiff Myung Choi. After Plaintiff and Defendants review and discuss personnel files, Plaintiff proposes Plaintiff and Defendants will stipulate whether a certain professor is similarly situated with Plaintiff.

(f) Plaintiff wishes to complete all fact and expert discovery by December 24, 2019.

**b. Defendants' Position**

(1) Defendants propose the parties exchange initial disclosures by November 5, 2018.

(2) Defendants oppose Plaintiff's request to conduct 20 depositions and request the parties be limited to ten depositions in accordance with the Federal Rules of Civil Procedure.

(3) Defendants object to the production of personal financial information absent a finding of liability.

(4) Defendants agree to accept documents electronically, but request the time for response be calculated as though the parties had served by mail.

(5) Defendants agree to file a Joint Motion for Protective Order to protect confidential information, although the Parties do not agree on which files, if any, are similarly-situated comparators. The protective order will be essential if any faculty personnel files are produced due to their confidential nature.

(6) Defendants request to complete all fact and expert discovery by May 13, 2019.

(7) Defendants request the Court order the parties to not duplicate discovery efforts related to the parallel state proceeding, to include limiting the ability of the parties to take a second deposition of a witness or propound duplicate written discovery. Further, Defendants requests the parties stipulate, or the Court orders, that discovery in the parallel state action be admissible in this action.

**g. Settlement and settlement mechanism**:

No settlement discussions and/or written communications have occurred. The parties selects ADR Procedure No. 2 (Court Mediation Panel) pursuant to L.R. 16-15.4.

**h. Trial estimate**:

Plaintiff requests a trial by jury. Plaintiff contemplates calling twenty (20) witnesses; Plaintiff estimates that a trial in this matter will take ten (10) days. Defendants anticipates calling approximately five to seven witnesses (including expert witnesses) other than the individual Defendants, who will likely be called by Plaintiff as adverse witnesses. Defendants estimate a seven-court day trial.

**i. Timetable**:

The Presumptive Schedule of Pretrial Dates form is attached as Exhibit A to this Joint Report.

**j. Other issues**:

The parties do not believe this case presents any unusual legal, technical or technological issues. Plaintiff does not anticipate requesting severance, bifurcation

or other ordering of proof. Defendants anticipate requesting bifurcation with regard to punitive damages if there is an initial finding of liability.

**k. Conflicts**:

Plaintiff is not a corporate party.

**l. Patent cases**:

This is not a patent case.

**m. Magistrates**:

The parties do not wish to have a Magistrate Judge preside.

Dated: October 5, 2018

Respectfully submitted,

By:/s/ Juan Hong
Juan Hong
Attorney for Plaintiff Myung Choi
Law Office of Juan Hong, A Law Corp.
4199 Campus Drive, Suite 550
Irvine, CA 92612

By: /s/ Kevin Brown
SANDRA L. McDONOUGH
CORRIE J. KLEKOWSKI
KEVIN M. BROWN
Attorneys for Defendant
PAUL, PLEVIN, SULLIVAN
CONNAUGHTON LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: MYUNG CHOI v. AURORA WOLFGANG et al.

CASE NO.: 5:14 CV 01707 VAP (DTB)

| Matter | Plaintiff Request | Defendants Request | Court's Order |
|---|---|---|---|
| Trial Date (Tuesday) Jury * (plaintiff)_ Court__ Length: | 1/21/2020 10 Days | 9/10/19 7 Days | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | 12/10/2019 | 8/26/19 | |
| Last Day to conduct Settlement Conf., L.R. 16-15 | 7/23/2019 | 8/16/19 | |
| Last Day for Hearing Non-discovery motions | 11/11/2019 | 6/17/19 | |
| All Discovery Cutoff, Including hearing all Discovery motions | 10/21/2019 | 5/13/19 | |
| Expert Disclosure (rebuttal) | 12/24/2019 | 8/1/19 | |
| Expert Disclosure (initial) | 11/19/2019 | 7/1/19 | |
| Last day to amend pleadings or add parties | 11/26/2019 | 12/15/18 | |
| Last day for filing Motion for class Certification (if Applicable) | N/A | N/A | |
| Hearing on motion for Class certification (if applicable) | N/A | N/A | |

LOCAL RULE 16-15 Settlement Choice

____ U.S. Magistrate Judge (#1)

*____ Attorney Settlement Officer Panel (#2)

____ Outside ADR (#3)